### GUS W. MENNINGER v. JAMES TAYLOR.

PROVOCATION NOT GROUND FOR AWARDING PUNITIVE DAMAGES.

In an action for assault and battery, an instruction that if "the conduct of the defendant * * * was the result of provocation * * * the jury may go beyond compensation * * * and add any sum * * * by way of punishment of defendant and an example to the public", is erroneous; and notwithstanding the evidence discloses an unprovoked and malicious assault for which the jury under proper instructions could not award less damages, the judgment is reversible.

ERROR to Hamilton common pleas court.

**Cogan & Williams,** for plaintiff in error.

**Phares, Gusweiler & Rosenberg,** for defendant in error.

GIFFEN, J.

In an action for damages for assault and battery, the following instruction is erroneous:

"If you find from the evidence that the conduct of the defendant was not the result of fear of injury to himself, nor such excitement as the circumstances of the case might arouse in the mind of a man of ordinary good temper, but was the result of provocation or sudden anger brought into action by the occasion, the jury may go beyond compensation for loss and suffering, and may add any sum you may think reasonable by way of punishment of the defendant and an example to the public."

Provocation may be considered in mitigation of punitive damages, but not as a ground for awarding such damages. *Mahoning Val. Ry.* v. *De Pascale,* 70 Ohio St. 179 [71 N. E. Rep. 633].

Hamilton County.

The condition of sudden anger may have been the result of some unlawful act of the plaintiff, and yet under this charge would warrant exemplary damages. The evidence, however, which is all before us, discloses an unprovoked and malicious assault, and the jury under proper instructions could hardly award less damages; but the error seems to be, under the ruling of our Supreme Court, reversible, *Globe Ins. Co.* v. *Sherlock,* 25 Ohio St. 50.

Judgment reversed and cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.